THE INHABITANTS OF THE TOWN OF TOPSHAM *versus* THE INHABITANTS OF THE TOWN OF HARPSWELL.

In an action against a town, for expenses incurred in the support and *burial* of a pauper, the defendants are barred from contesting the settlement of the pauper, if the overseers have neglected, for two months after notice and request, to remove him, and no objection has been made to such request.

THE declaration in this case contained three counts. 1. *Indebitatus assumpsit*, in the sum of 62 dollars and 2 cents, according to an account annexed to the writ. 2. A count for labors, &c., done and performed, and moneys expended at the request of the defendants in relieving, supporting and burying one *S. G.*, a pauper of the said town of *Harpswell*, upon a *quantum meruit*. 3. An *indebitatus assumpsit*, in 62 dollars and 2 cents, for moneys laid out and expended, for the use of the defendants and at their request, in the support, relief and burial of one *S. G.*, a pauper of said town of *Harpswell*.

The account annexed to the writ contained the several items of charge, making the said sum of 62 dollars and 2 cents, for the relief of *S. G.*, a pauper of said town of *Harpswell*, from the 4th day of Sept. 1802, to the 3d day of Oct. following—and moneys paid for attendance, &c., in his last sickness, and for his funeral expenses

The defendants pleaded the general issue; and on trial at the last (December) term, in this county, before THACHER, justice, the jury found a verdict for the plaintiffs; damage 62 dollars and 2 cents.

*The counsel for the defendants (the *Solicitor-General* [ * **519** ] and *Parker*) moved for a new trial, and filed their objections in nature of a bill of exceptions, in a summary mode, as provided by the late statute, which were certified and allowed by the judge as conformable to the truth of the case; which summary statement was, in substance, as follows, *viz.:* " The plaintiffs offered in evidence a paper purporting to be notice from the overseers of the poor in the town of *Topsham* to the overseers of the poor in the town of *Harpswell*, which is as follows, *viz.* : *Topsham*, September 25th, 1802. Gentlemen.: This is to inform you that *Samuel Graffam*, who, we understand, was born in your town, that is to say, in *Harpswell*, and consequently has a settlement there, is now sick in *Topsham*, and has been chargeable to the town of *Topsham*. This is therefore to desire you to come and pay what expense this town has been at, and to remove him, the said *Samuel*, or otherwise take care of him; this, Gentlemen, from your humble servants,

*John Merrill*,   } Selectmen and Overseers<br>
*Arthur Hunter*,   } of the Poor in *Topsham*.

" To the Selectmen or Overseers
   of the Poor in *Harpswell*."

" To the admission of which the counsel for the defendants objected, and alleged, as an exception to the same, that it did not contain such a state of facts as in such case is required by the 12th *sect.* of the act of Feb. 26, 1794, (*stat.* 1793, *c.* 59,) which objection and exception were overruled by the judge, and the said paper was admitted in evidence to the jury, as a legal notification which the statute in that case requires. Which paper being admitted in evidence in this case as legal notice to the overseers of the poor in the town of *Harpswell*, the counsel for the defendants *then called upon the plaintiffs to prove the settlement [ * **520** ] and habitancy of the said *Samuel Graffam* to be in the said town of *Harpswell*; but the honorable judge before whom the cause was tried, delivered it as his opinion to the jury, that as it had been proved that the paper abovementioned had been delivered to the overseers of the poor in said town of *Harpswell* on the 26th day of Sept. 1802, and no objection having been made thereto in writing to the overseers of the poor of said town of *Topsham* by the overseers of the poor of said town of *Harpswell* within two

months next after the delivery thereof as aforesaid, the defendants were, by the 12th *sect.* of the act aforesaid, barred of their right to dispute, in this action, the settlement and habitancy of the said *Samuel Graffam*, the pauper, in the said town of *Harpswell*, and accordingly the said judge directed the jury to find a verdict for the plaintiffs for the sum sued for, which they accordingly did."

The reasons assigned for a new trial were, *First*, Because the paper aforesaid was admitted in evidence by the judge, notwithstanding the exceptions of the counsel for the defendants to the same; *Secondly*, Because the opinion and direction of the judge, as above stated and given to the jury, were erroneous, and a misdirection to the jury in point of law; and, *Thirdly*, Because the said judge did determine that the defendants were barred from contesting the habitancy and settlement of said pauper, in this action; and did in pursuance of said determination prevent the defendants from going into any inquiry upon that subject.

The *Solicitor-General*, (*Davis*,) for the defendants, contended that the paper, admitted in evidence as notice from the overseers of the poor in *Topsham* to the overseers of the poor in *Harpswell*,
[ * 521 ]          ought not to have been admitted, because it did *not comport with the requisitions of the statute; that it did not particularly specify the facts required to be stated by the 12th *sect.* of the act.

But the Court were clearly of opinion that sufficient was stated, and that if there were any objection to the notice, it ought to have been made by the overseers of the poor in *Harpswell* at the time of receiving the notice.

The counsel then insisted that there ought to be a new trial for the third reason assigned. By the 9th *sect.* of the statute, " expenses incurred for the support and relief of a pauper, *as also for his burial*, in case of his decease, may be sued for and recovered in a civil action, by the town incurring the same, against the town wherein such pauper had his settlement. And in such civil action, the settlement of the pauper shall not be contested by the defendants, *if it hath been then adjudged to be in their town*, upon such process as is hereinafter described, *otherwise it may be*." The present is *such civil action*, brought to recover expenses incurred for the support and relief of a pauper, and *also for his burial*; and as his settlement *had not been adjudged* to be in *Harpswell*, it was competent to the defendants to show that his settlement was in another place; and consequently the direction of the judge was wrong, and the verdict ought to be set aside and a new trial had, that the defendants may be let into this evidence. [SEWALL, J., referred to the 12th *sect.* of the statute, as settling the point.] *Davis.* If *that sect.*

of the statute repeals the 9th, then undoubtedly the motion for a new trial is groundless ; but it is absurd to suppose that one clause of an act should by implication repeal another part of the same act. The object of the 12th *sect.* is entirely different from that of the 9th *sect.*, which gives an action for expenses incurred not only for the support and relief of the pauper, but for those of * his [ * 522 ] *burial* in case of his death. The 12th *sect.* gives no action for the expenses of burial ; it does not contemplate that the pauper has deceased, but provides for a particular mode of removing him to the place of his legal settlement, and gives an action for expenses incurred for his support and *removal.* The present action is brought for the expenses of support and *burial,* and therefore must have been grounded on the 9th *sect.* of the act ; and if so, the defendants are not precluded from contesting the settlement of the pauper.

SEDGWICK, J. The 9th *sect.* of the statute provides for the case of a previous adjudication of the settlement of the pauper, and makes it conclusive evidence of his settlement ; and, so far as it respected these two towns, it would have been so without that provision. The next *sect.* points out a method of effecting the removal of the pauper ; by application either to a justice of the peace or to the Court of Common Pleas. The 12th *sect.* provides for another case. It declares " that said overseers may, in all cases, if they judge it expedient, previous to any such application to any justice of the peace or Court of Common Pleas, send a written notification stating the facts relating to any person actually become chargeable to their town, to one or more of the overseers where his settlement is *supposed* to be, *and requesting them to remove him,* and if such removal is not effected, *nor objected to by them,* in writing, after such notice, to be delivered in writing within two months after such notice to the overseers of the town requesting such removal, or to some one of them, then such overseers may remove such person to said place of his *supposed* settlement, the overseers whereof shall be obliged to receive and provide for him, and their town shall be liable for the expenses of his support and removal, to be * recovered by action, *as aforesaid,* by the town incurring [ * 523 ] the same, and *shall be barred from contesting the question of settlement* with the plaintiff in such action." One manifest object of this provision in the statute is to prevent the expense of a lawsuit, by enabling the overseers of the poor to remove the pauper themselves. It therefore authorizes them to give notice that the pauper has become chargeable, and to request his removal by the overseers of the poor of the town in which his settlement is sup-

33 *                                    389

posed to be. If *they* do not, within two months after receiving such notice and request, either remove him themselves or object to his being removed to their town, the law considers their silence as an acknowledgment that his legal settlement is there, and accordingly authorizes his removal by the overseers who gave the notice; and it further provides that such town shall be barred from contesting the question of settlement in an action which may be brought for the expenses incurred for his support and removal. It has been argued by the counsel for the defendants, that they are not precluded from contesting the settlement of the pauper, because the present action is brought for the expenses incurred for his support and *burial*, and is not therefore within the provision of this *sect.* of the statute, which extends only to actions brought for expenses incurred for the support and *removal* of the pauper.

But this distinction is merely verbal. The law intends that the town in which the pauper is settled shall be charged with all the expenses incurred within three months next before notice, for his support and removal, and also for his burial, in case of his decease, whenever it is ascertained where his settlement is. It has pointed out two modes of ascertaining his settlement. One is by a process in law; the other results from an implied acknowledg-
[ * **524** ] ment of the fact by a neglect of the * overseers in objecting to the claim made upon their town. In this case, the settlement of the pauper, as it respects the parties now in contest, has been ascertained in the latter method. The plaintiffs are therefore entitled to judgment according to the verdict.

SEWALL, J., concurred. And he mentioned the case of *The Inhabitants of Freeport* against *The Inhabitants of Edgecumbe,* (a) at the last term of this Court in the county of *Cumberland,* in which he had expressed the same opinion.

THACHER, J., said that he continued to be of the same opinion which he held at the trial.

New trial refused; and the plaintiff had

*Judgment according to the verdict.*

(a) *Ante,* p. 459.